UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BAKER,

        Petitioner,

v.                              CASE NO. 05-CV-74079-DT
                                  HONORABLE AVERN COHN

BLAINE LAFLER,

        Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

### I. Introduction

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner claims that he is incarcerated in violation of his constitutional rights, specifically that his no-contest plea was involuntary. For the reasons that follow, the petition will be denied.

### I. Background

Petitioner was charged in Wayne County, Michigan with two counts of assault with intent to commit murder, one count of felon in possession of a firearm, and one count of felony firearm. On November 5, 2002, he pleaded no contest to one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and felony firearm, Mich. Comp. Laws § 750.227b. In return, the prosecutor dismissed the second count of assault with intent to commit murder and the felon-in-possession charge.

Petitioner subsequently moved to withdraw his no-contest plea. During oral arguments on the motion to withdraw, Petitioner claimed that he was innocent and that his previous attorney did nothing in his defense. He said that he felt he was getting

railroaded and that the trial court had continued to tell him about life imprisonment.  He

claimed at another point in the proceeding that he was not even listening to what the

court was saying that day.  The trial court denied his request to withdraw the no-contest

plea.  (Tr. Dec. 2, 2002, at 4-7.)

Petitioner renewed his motion to withdraw the no-contest plea at the sentencing

on December 17, 2002.  He indicated that the trial court had given him no choice.

However, the focus of his argument was that he was innocent because there was no

evidence of an intent to commit murder.  He also disputed his prior record.  (Tr. Dec. 17,

2002, at 17-26.)  The trial court denied his motion and then sentenced Petitioner as a

fourth felony offender to two years in prison for the felony-firearm conviction and to a

consecutive term of fifteen to thirty years in prison for the assault conviction.

A year later, Petitioner raised his pending claim in another motion to withdraw his

plea.  The trial court once again denied his motion.  Petitioner appealed the trial court's

decision without success.  The Michigan Court of Appeals denied leave to appeal "for

lack of merit in the grounds presented," People v. Baker No. 253062 (Mich. Ct. App.

Apr. 22, 2004), and on October 25, 2004, the Michigan Supreme Court denied leave to

appeal.  People v. Baker, 688 N.W.2d 82 (2004) (table).

Petitioner filed his habeas petition through counsel on October 25, 2005 claiming

that his no-contest plea was involuntary because the trial court participated in the plea

discussions and coerced Petitioner into pleading no contest.

### III.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the

state court's adjudication of his claims on the merits–

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam opinion) (emphasis in original).

## IV. Discussion

Petitioner's sole claim is that his no-contest plea was involuntary because the trial court participated in the plea discussions and coerced Petitioner into pleading no contest. A guilty or no-contest plea constitutes a waiver of certain constitutional rights. Consequently, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United

3

States, 397 U.S. 742, 748 (1970).  The voluntariness of a plea "can be determined only by considering all the relevant circumstances surrounding it."  Id. at 749.  A plea may not be produced "by actual or threatened physical harm or by mental coercion overbearing the will of the defendant."  Id. at 750.      "Although federal judges are prohibited from participating in plea bargaining, see Fed. R. Crim. P. 11, this blanket prohibition does not apply to state judges."  McMahon v. Hodges, 382 F.3d 284, 289 n.5 (2d Cir. 2004).  Rule 11 "states a standard for federal courts, not necessarily a constitutional inhibition."  Blackmon v. Wainwright, 608 F.2d 183, 184 (5th Cir. 1979).  "[A] federal court can only set aside a state plea of guilty if the plea was involuntary," Toler v. Wyrick, 563 F.2d 372, 374 (8th Cir. 1977), or if it violated a petitioner's federal constitutional right to due process, Miles v. Dorsey, 61 F.3d 1459, 1467 (10th Cir. 1995).  "Consequently, [courts] will 'set aside a state court plea bargain if persuaded that the trial judge's participation denied the defendant due process of law by causing him not to understand the nature of the charges against him or the consequences of the guilty plea, or if the judge's participation coerced the defendant to enter into a plea bargain involuntarily.'"  Id. (quoting Damiano v. Gaughan, 592 F. Supp. 1222, 1225 (D. Mass. 1984)).

**A.  The Plea**

On the day set for trial, Petitioner's counsel advised him to plead no contest because (1) a recent laboratory analysis indicated that residual gunpowder was detected on Petitioner, (2) statements from witnesses implicated Petitioner, (3) any conviction could have resulted in life imprisonment due to Petitioner's status as a habitual offender, and (4) having viewed the jury venire, defense counsel he did not see

4

Petitioner's position as favorable.  (Tr. Nov. 5, 2002, at 2-3.)  The trial court then engaged Petitioner in a colloquy.

The trial court explained to Petitioner that he could be acquitted or he could be convicted either as charged or of a lesser-included offense, such as assault with intent to commit great bodily harm less than murder or felonious assault.  The trial court stated that, even if the jury found Petitioner guilty of only felonious assault and felon in possession of a firearm, Petitioner could get a life sentence as a habitual offender.  The trial court described Petitioner's options as (1) trial with an acquittal, (2) trial with a conviction and no possibility of seeing his family again because, under the guidelines, he would not be released from prison, or (3) a plea and the possibility of being released and seeing his family again.  The trial court pointed out that witnesses placed Petitioner at the scene and saw him involved in an altercation and that there was scientific evidence suggesting that Petitioner discharged a weapon.  The trial court also said the fact that a child was shot in the head was a "bad fact to present to a jury."  (Id. at 3-7.)

The trial court went on to warn Petitioner that the sentencing guidelines would be "extremely high" if he were convicted following a trial because of his prior record and the facts in this case.  Defense counsel interjected that he had already explained to Petitioner that the prosecutor's offer was the best he could do without an acquittal and that any conviction would result in at least the same sentencing guidelines, if not higher ones.  Petitioner acknowledged that he understood the prosecutor's offer called for two years in prison for the felony firearm conviction plus fifteen to thirty years for the assault conviction.  (Id. at 8-9.)

Petitioner also claimed to understand the rights that he would be waiving by

5

pleading no contest.  When asked how he wanted to plead to assault with intent to commit murder and felony firearm, he responded, "No contest."  He stated that he understood a no-contest plea was similar to a guilty plea and that he would be giving up certain trial rights.  He also said that no one was forcing him to plead.  (Id. at 10-12.)

The trial court then asked Petitioner whether he was pleading freely and voluntarily.  Petitioner responded, "Got no choice but to -- yep, yeah."  The trial court replied, "Well, no, you do have a choice.  You could go to trial.  Are you pleading freely and voluntarily?  This time, Petitioner answered, "Yeah, because -- yeah, I'm pleading freely and voluntarily."  He also said that he understood he would be subject to the penalties specified in the plea bargain.  (Id. at 12-13.)  The prosecutor subsequently provided a factual basis for the plea, and the trial court concluded that the plea had been freely and voluntarily made.  (Id. at 13-15.)

### B.  Analysis

The record, as summarized above, indicates that Petitioner negotiated a plea bargain with the prosecutor before the trial court questioned him.  Contrary to his assertions here, the trial court did not participate in plea negotiations. The trial court did suggest that Petitioner was not likely to prevail at trial.  The trial court also gave the impression of inducing Petitioner to accept the prosecutor's offer.  However, these comments were made after the parties had reached an agreement.  This is not a case in which the trial judge attempted to facilitate a plea and commented on the merits of the case before the parties had worked out a plea bargain.  Cf. United States v. Barrett, 982 F.2d 193 (6th Cir. 1992).

Furthermore, the trial court's comments were not inherently coercive.  Although

6

the trial court's statements may have been a little heavy handed, the trial court did not threaten Petitioner, nor promise him anything to induce his plea.  Moreover, Petitioner has not alleged that the trial court's advice was incorrect.  Cf. Luckman v. Burke, 299 F. Supp. 488, 492-93 (E.D. Wisc. 1969) (concluding that the habeas petitioner's plea was involuntary because it was induced by the trial judge's letter, which erroneously suggested that, "in all probability" the petitioner's Wisconsin sentence would run concurrently with the sentence he was currently serving in Michigan).  The trial court merely outlined Petitioner's options and explained the maximum sentence that he faced if he went to trial and was found guilty.  The trial court confirmed that Petitioner wanted to plead guilty and was waiving certain constitutional rights by pleading no contest.

> Informing the Defendant about the effect of his decisions is not impermissible participation in the plea negotiation process.  Similarly, informing the Defendant of the positive and negative effects of pleading guilty is not coercive and does not constitute impermissible court participation in the plea negotiation process.  Rather, such comments ensure that the Defendant has been made fully aware of the effects of his decision.

Williams v. United States, 47 Fed. Appx. 363, 370 (6th Cir. 2002).

Furthermore, when Petitioner complained that he had no choice but to plead no contest, the trial court repeated that Petitioner did have a choice and that he could go to trial.  Petitioner subsequently stated that he was pleading no contest freely and voluntarily.  Petitioner likely pleaded no contest to avoid a life sentence, which was a strong possibility if he had gone to trial.  A plea is not compelled and invalid "whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged."  Brady,397

7

U.S. at 751.

## V.  Conclusion

Based on the record set forth above, the trial court did not coerce Petitioner into pleading no contest.  Petitioner's plea was voluntary, knowing, and intelligent. Therefore, the state appellate court's decision that Petitioner's claim lacked merit did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Petitioner's application for a writ of habeas corpus is DENIED.

SO ORDERED.

_____
 s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  August 7, 2006


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 7, 2006, by electronic and/or ordinary mail.

 s/Julie Owens_____
Case Manager, (313) 234-5160

8