UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BAKER,

       Petitioner,

v.                                               CASE NO. 05-CV-74079-DT
                                                 HONORABLE AVERN COHN

BLAINE LAFLER,

       Respondent.
_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY AND
## GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

I.

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner Larry Baker attacked his state court convictions for assault with intent to commit murder and possession of a firearm during the commission of a felony. In an opinion and order dated August 7, 2006, the Court denied the habeas petition after concluding that the trial court did not coerce Petitioner into pleading no contest and that Petitioner's plea was voluntary, knowing, and intelligent.

Before the Court are Petitioner's motion for a certificate of appealability (COA) and application for leave to proceed without prepayment of the appellate fees and costs. Petitioner seeks a COA on the claim that his no-contest plea was involuntary because the trial court participated in plea discussions and coerced Petitioner into pleading no contest.

II.

Before Petitioner can appeal the Court's order, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, (2000), the United States Supreme Court held that, where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 529 U.S. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." Id. at 338. A prisoner need not prove that "some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id.

III.

Having reviewed the file and the substantial issue, reasonable jurists might debate the Court's resolution of Petitioner's claim and come to a different conclusion.

2

Accordingly, a COA is granted on the issue of whether the trial court coerced Petitioner into pleading no-contest plea and rendered the plea involuntary. Petitioner's application to proceed without prepayment of the appellate fees and costs likewise is GRANTED.

SO ORDERED.


      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  September 6, 2006


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date and Larry Baker, #334055,  St. Louis Correctional Facility 8585 N. Croswell Road, St. Louis, MI 48880, September 6, 2006, by electronic and/or ordinary mail.


      s/Julie Owens
Case Manager, (313) 234-5160